UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | 18-cr-32 (ARR) |
| — against — | **Opinion & Order** |
| Michael Crumble and Ramell Markus | **Not for electronic or print publication** |

ROSS, United States District Judge:

Ramell Markus has again moved, *pro se*, to dismiss the grand jury indictment, this time on the ground that "perjured," "misleading," or "falsely presented evidence" was presented to the grand jury. The only specific allegation he makes in support of this motion, however, is that, taken in its entirety, the audio recording of a call made to John Doe by Tyrone Burch after the events of the charged crimes is "e[x]culpatory in nature" and that the entirety of this recording was not played to the grand jury. Construed liberally, this claim fails to pierce the "presumption of regularity" given to grand jury proceedings. *United States v. Torres*, 901 F.2d 205, 232 (2d Cir. 1990) (quoting *Hamling v. United States*, 418 U.S. 87, 139 n. 23 (1974)), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010). Indeed, these allegations are insufficient to justify a review of the grand jury minutes, let alone dismiss the indictment. *See id.* at 233.

At bottom, Markus's argument appears to rest on a misapprehension of the law of conspiracy. He claims that Burch's statements to John Doe indicate that Markus was not part of the "crew" involved in the charged crimes. To the extent that one possible

interpretation of the audio recording may be that Markus had ceased to participate in the conspiracy by the time of this call—and I am not endorsing such an interpretation—this would not be enough to show affirmative withdrawal from the conspiracy. *See, e.g.*, *United States v. Friesel*, 224 F.3d 107, 118 (2d Cir. 2000); *United States v. Nerlinger*, 862 F.2d 967, 974 (2d Cir. 1988). Yet "unless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators.'" *United States v. Greenfield*, 44 F.3d 1141, 1150 (2d Cir. 1995) (quoting *United States v. Panebianco*, 543 F.2d 447, 453 (2d Cir. 1976)).

Moreover, it bears emphasizing that this call took place after the events charged in the indictment. Whether Markus was continuing to seek to extort John Doe at this time has no bearing on whether he had previously taken part in the charged crimes.

For these reasons, the audio recording, standing alone, has no significant exculpatory value as to Markus. Even assuming that the government did not play the entirety of the audio recording to the grand jury, this would not mar the integrity of the proceedings. Accordingly, Mr. Markus's motion to dismiss the indictment is denied.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: May 2, 2018
Brooklyn, New York