UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMELL MARKUS,

          *Petitioner*,

  -against-

UNITED STATES OF AMERICA,

          *Respondent*.

18-CR-32-2 (ARR),
23-CV-5756 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

The *pro se* petitioner, Ramell Markus, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. The government opposes. For the reasons set forth below, petitioner's motion is denied.

## BACKGROUND

Mr. Markus was indicted for kidnapping and committing physical violence against Daniel Nieves in order to obtain drugs and money. *See* Superseding Indictment, ECF No. 73; Mandate, ECF No. 208. The indictment alleged in relevant part that Mr. Markus pointed a firearm at Mr. Nieves's head; pistol-whipped Mr. Nieves; drove Mr. Nieves to a residence and forced him to enter; witnessed a co-conspirator burning Mr. Nieves's arms; and held Mr. Nieves in an attempt to coerce him into giving him narcotics and money. *Id.* On May 14, 2018, a jury found Mr. Markus guilty of: kidnapping conspiracy, in violation of 18 U.S.C. § 1201(c); kidnapping, in violation of 18 U.S.C. § 1201(a)(1); and committing violence in furtherance of an extortion plan, in violation of 18 U.S.C. § 1951(a).[1] Jury Verdict 1–2, ECF No. 106; *see* Superseding Indictment at 1–3. I

---

[1] The jury found him not guilty of possessing a firearm. Jury Verdict at 2.

sentenced Mr. Markus to one hundred and eighty months' custody, followed by five years' supervised release. Judgment 2–3, ECF No. 165.

Mr. Markus filed several post-conviction motions. He filed his first motion for a new trial on June 8, 2018, arguing that a new trial was warranted because I allegedly improperly limited defense counsel's ability to cross-examine witnesses and ignored defense counsel's objections, especially during the government's summation. *See* First Motion for New Trial 6–7, ECF No. 111. I denied that motion, explaining that I imposed appropriate limitations on defense counsel's cross-examination and that the government did not act improperly during summation. *See* Op. & Order 3–7, ECF No. 118.

Mr. Markus's second motion for a new trial, filed *pro se* several days after his first and before I issued my opinion on the first, argued that he was entitled to a new trial based on newly discovered evidence about the relationship between his co-conspirator and Mr. Nieves. *See* Motion for New Trial 1, ECF No. 113; Mem. of L. in Supp. of Motion, ECF No. 114. He also argued that the indictment should be dismissed because Mr. Nieves perjured himself to the grand jury; that an incomplete audio recording was improperly admitted; that the government failed to prove that Mr. Nieves moved across state lines; that the government failed to offer a medical report demonstrating Mr. Nieves's injuries; that the government improperly offered evidence of Mr. Markus's incarceration; that I improperly discussed Mr. Markus's *pro se* motions with defense counsel outside of Mr. Markus's presence; and that the jury instructions on the defense of consent were flawed. *Id.* at 1–2. I rejected all of these arguments, reasoning that Mr. Nieves's supposed perjury was the subject of significant cross-examination at trial; that the audio recording was properly admitted because a participant in the conversation testified to the accuracy and fairness of its contents; that the government was not required to prove that Mr. Markus moved Mr. Nieves across

state lines, nor was it required to provide a medical report to prove Mr. Nieves's injuries; that Mr. Markus never objected to evidence of his incarceration and its probative value outweighed any prejudicial effect; that Mr. Markus had no legal right to be present at a housekeeping discussion about the nature of his *pro se* submissions; and that I did not adopt Mr. Markus's proposed jury instruction because it improperly shifted the burden of proof onto the defense. *See* Op. & Order 2–4, ECF No. 122.

Again proceeding *pro se*, Mr. Markus filed a third motion for a new trial on September 28, 2018, arguing that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the results of a search of the location used during the kidnapping. *See* Motion for New Trial, ECF Nos. 136, 137. I denied that motion because Mr. Markus did not identify any specific evidence withheld or why it was material. *See* Op. & Order 1–2, ECF No. 139.

Mr. Makus filed a direct appeal to the Second Circuit, arguing that he was denied effective assistance of counsel; that there was insufficient evidence to support his conviction for violence in aid of extortion rather than robbery; and that I improperly increased his sentencing guidelines offense range because he inflicted "serious bodily injury" upon Mr. Nieves. *See* ECF Nos. 174, 179; *United States v. Crumble*, No. 19-1419 (2d Cir.), Appellate Opening Brief, ECF No. 130. The Second Circuit affirmed. *See* Mandate. It declined to consider Mr. Markus's argument that his counsel was constitutionally ineffective, citing its "baseline aversion to resolving ineffectiveness claims on direct review." *Id.* at 1. It went on to reject Mr. Markus's challenge to the sufficiency of the evidence because a rational trier could find that Mr. Nieves consented to give defendants the drugs and money—a necessary element of kidnapping—when he agreed to do so and called his fiancée to instruct her to gather those things for pickup. *Id.* at 1–2. The court also rejected Mr.

3

Markus's challenge to my finding that Mr. Nieves's injuries warranted a guidelines enhancement, reasoning that my findings were supported by Mr. Nieves's testimony that he was pistol whipped, struck in the head with glass that shattered, and burned with an iron; the court also cited photos of Mr. Nieves's injuries and scars. *Id.* at 2. After reviewing "all of the arguments raised by [Mr. Markus] on appeal," the Second Circuit affirmed his conviction and sentence. *Id.*

Mr. Markus unsuccessfully petitioned the Second Circuit for rehearing. *See United States v. Crumble*, No. 19-1419 (2d Cir.), ECF Nos. 232, 236. A petition to the Supreme Court for a writ of certiorari was likewise unavailing. *See id.*, ECF No. 239.

Petitioner filed the instant § 2255 motion on July 27, 2023. *See* Motion Under 28 U.S.C. § 225 to Vacate, Set Aside, or Correct  ("Pet'r's Mot."), ECF No. 223. He accompanied this with a motion for leave to file an amended motion, *see* ECF No. 224, which I granted, *see* ECF No. 225. On October 31, 2023, petitioner filed a memorandum in support of his original motion, as well as a second motion for leave to file an amended motion. *See* Mem. of L. in Supp. of Section 2255 Motion ("Mem. Supp."), ECF No. 228; ECF No. 229. I granted this motion but cautioned petitioner that he must file any amended § 2255 motion on or before November 30, 2023. *See* ECF No. 230. No such motion was filed by that point, and the government filed its response in opposition to petitioner's § 2255 motion on December 14, 2023. *See* Response in Opp'n, ECF No. 231. Petitioner filed a reply on January 22, 2024. *See* Reply to Response to Motion ("Reply"), ECF No. 232.

Petitioner's motion, read in conjunction with his later-filed memorandum in support, raises the following arguments: that there was insufficient evidence that Mr. Nieves was held against his will, or that Mr. Markus had the requisite intent (Grounds One, Five, and Six); that the government and I engaged in various misconduct during trial (Grounds Two, Three, Four, Seven, Eight, and

4

Nine); and that Mr. Markus received ineffective assistance of counsel (Grounds Ten, Eleven, and Twelve). *See* Pet'r's Mot. 15–16; Mem. Supp. 9–19; Reply 2–6.

## DISCUSSION

### I. Claims That Could Have Been Raised on Direct Appeal

A petitioner generally cannot collaterally challenge his conviction under § 2255 on a ground that "could have been brought on direct appeal." *Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010). The only exception to this rule is "if the defendant can first demonstrate either cause and actual prejudice . . . or that he is actually innocent." *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). To demonstrate cause, "a defendant must show 'some objective factor external to the defense,' . . . such that the claim was 'so novel that its legal basis [was] not reasonably available to counsel." *Id.* (citing first *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and then *Reed v. Ross*, 468 U.S. 1, 16 (1984)). To demonstrate prejudice, "he must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). To demonstrate actual innocence, "a defendant must prove his 'factual innocence, not mere legal insufficiency,' and 'demonstrate that, in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Gupta*, 913 F.3d at 85 (quoting *Bousley*, 523 U.S. at 623)).

The majority of the grounds petitioner raises now are arguments that he could have raised on direct appeal: that there was insufficient evidence to support a theory of guilt that relied on Mr. Nieves being held against his will (Grounds One and Six); that there was insufficient evidence to prove that Mr. Markus had the requisite specific intent (Ground Five); that I erred by improperly

5

instructing the jury on consent (Ground Two); that the government suppressed *Brady* material evidence (Ground Three); that Mr. Nieves's perjury to the grand jury violated petitioner's rights to due process and a fair trial (Ground Four); that the government engaged in unconstitutional misconduct during summation (Ground Seven); and that I failed to accurately instruct the jury on the governing legal standards (Ground Eight). To assert these claims now, petitioner would need to show both cause for his procedural default and actual prejudice that resulted from each alleged violation, or else his actual innocence. *See id.* at 84–85. Even construing his motion liberally, *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001), neither circumstance is met here. Petitioner has not demonstrated good cause for his failure to raise any of these arguments in his counseled opening brief on direct appeal, nor prejudice, let alone actual innocence. Accordingly, the aforementioned claims are denied.

## II. Ineffective Assistance of Counsel Claims

Petitioner did raise ineffective assistance of counsel claims before the Second Circuit, although they took a slightly different form: There, he argued that he was deprived of effective assistance of counsel because I refused to grant a continuance and because defense counsel was unprepared, distracted, and antagonistic toward me, *see* Appellate Opening Brief at 32–42; now, he reiterates his argument regarding defense counsel's distraction and further argues that defense counsel failed to call a key witness and was unable to properly question witnesses, *see* Mem. Supp. 17–20. Any failure to raise specific arguments on direct appeal is of no consequence, however, because the general rule barring collateral challenges on grounds that could have been raised on direct appeal does not apply to claims of ineffective assistance of counsel. *See Yick Man Mui*, 614 F.3d at 54–57.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that this poor performance prejudiced the outcome of the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances," *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986), "bearing in mind that there are countless ways to provide effective assistance in any given case and that even the best criminal defense attorneys would not defend a particular client in the same way," *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quotation marks omitted). In demonstrating prejudice, a petitioner must show a reasonable probability that, but for counsel's defective performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "[P]urely speculative" claims about an error's impact are insufficient to establish prejudice. *United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 2003).

Even assuming without deciding that defense counsel's conduct fell below an objective standard of reasonableness, petitioner has failed to satisfy the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). Petitioner has made no argument that any of defense counsel's purported errors were prejudicial—he has not gestured at, for example, how the result of the proceeding would have been different had counsel been less distracted; had defense counsel called the witness at issue; or had I not sustained certain objections by the prosecution while defense counsel was questioning witnesses. Even construing his motion liberally, *see Green*, 260 F.3d at 83, any concern about

7

these supposed errors' impact is therefore "purely speculative," *Weiss*, 930 F.2d at 199. Petitioner's ineffective assistance of counsel claims are denied.

## CONCLUSION

For the foregoing reasons, Mr. Markus's motion under 28 U.S.C. § 2255 is denied. I decline to hold a hearing in this case, because petitioner has not "set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). Furthermore, because petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), I decline to issue a Certificate of Appealability. Mr. Markus may seek such a certificate from the Second Circuit Court of Appeals.

SO ORDERED.

                                                     /s/  
                                             Allyne R. Ross  
                                             United States District Judge

Dated:        January 30, 2024  
                Brooklyn, New York